NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1163


JAMES D. MURPHEY,

Plaintiff-Appellant,

v.


TPS ENTERPRISES, PATRICK J. SIMERI, PIER SIMERI,
THOMAS L. SCHOAF, SR., SHIRLEY A. SCHOAF,
CREATIVE PRODUCTS, INC. and ADAPTO, INC.,

Defendants-Appellees.

James D. Murphey, of Phoenix, Arizona, pro se.

David G. Bray, Mariscal, Weeks, McIntyre & Friedlander, P.A., of Phoenix, Arizona, for defendants-appellees.

Appealed from:  United States District Court for the District of Arizona

Judge Mary H. Murguia

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1163

JAMES D. MURPHEY,

Plaintiff-Appellant,

v.

TPS ENTERPRISES, PATRICK J. SIMERI, PIER SIMERI,
THOMAS L. SCHOAF, SR., SHIRLEY A. SCHOAF,
CREATIVE PRODUCTS, INC. and ADAPTO, INC.,

Defendants-Appellees.

Appeal from the United States District Court for the District of Arizona in case no. 04-CV-2430, Judge Mary H. Murguia.

_____

DECIDED: October 7, 2008

_____

Before MAYER, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

James D. Murphey ("Murphey") appeals from a final decision of the United States District Court for the District of Arizona, <u>Murphey v. TPS Enterprises</u>, No. 04-CV-2430 (D. Ariz. Sept. 18, 2007),[1] which granted summary judgment of noninfringement to Appellees.  We <u>affirm</u>.

---

[1]     Reference is made to the district court's thorough and well-reasoned opinion.  We repeat here only the facts necessary for disposition of this appeal.

## I. BACKGROUND

Murphey is the inventor and owner of U.S. Patent No. 5,780,842 ("the '842 patent"), which is directed to an "Item Dispensing Control System for Use in Vending Devices." On November 6, 1998, Murphey entered into an "Exclusive License Agreement" ("the license agreement") with Appellee TPS Enterprises, a general partnership formed by Appellees Patrick Simeri and Thomas Schoaf, related to the '842 patent. As relevant to this appeal, the license agreement provided:

> LICENSOR hereby grants to LICENSEE the exclusive right and license to make, have made, use, sell, and offer for sale apparatus [sic] covered by a VALID CLAIM of said LICENSED PATENTS in the United States . . . .

The license agreement also permitted Appellees to sublicense those rights. Finally, the license agreement gave Murphey the right to terminate the agreement if he did not receive at least $18,000 in royalties in the first calendar year.

Approximately one year following execution of the license agreement, Murphey exercised his right to terminate the agreement in response to notification from Appellees that there had been no sales, and thus no royalties. Murphey subsequently filed suit in state court for breach of contract and misrepresentation. That court granted summary judgment in favor of Appellees, finding among other things, that the agreement "expressly permitted Defendants to enter into sublicenses and assign all of their rights and obligations under the Agreement to a third-party without the prior approval of [Murphey]." Murphey then filed this action in the district court, alleging that Appellees infringed the '842 patent. Following discovery, the district court granted Appellees' motion for summary judgment of noninfringement, finding that the license agreement barred any claim for infringement while that agreement was in force and that there was no evidence of infringement following termination of the agreement. The district court

also concluded that Murphey was collaterally estopped from pursuing the action based on the state court judgment in Appellees' favor. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

We review a grant of summary judgment de novo, reapplying the standard that the district court employed. Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1301 (Fed. Cir. 1999). Drawing all reasonable inferences in favor of the nonmovant, "[s]ummary judgment is appropriate only when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

We find no error in the district court's decision. Although the nature of Murphey's appeal is difficult to discern, the gravamen appears to be related to his contention that Appellees breached the license agreement and infringed the '842 patent by negotiating with third parties to sublicense the patent. See Pet'r's Informal Br. at 5 ("The infringement subject matter and issue is Defendant's violation of Patentee consent of Authority, in Offering the Patent Licensed inventions to third parties solely by, through, and under positions of their Non-licensed corporate operations and entity acronyms thereof with no identity of TPS license Agreement or as a Licensee."); id. at 7 ("Further, they could not verbally sublicense the TPS Agreement to the corporate operations, or act through their corporate operations at actual Arms-Length to themselves, being obligated already to the TPS License Agreement . . . ."). Both the state court and the district court rejected this proposition, as do we. Murphey's grant of authority to Appellees in the license agreement to "make, have made, use, sell, and offer to sell"

devices made pursuant to the '842 patent, as well as to sublicense those rights, immunizes Appellees from Murphey's charges of infringement based on those acts committed while the agreement was in force.  <u>See</u> 35 U.S.C. § 271(a).  As a result, we affirm the district court's grant of summary judgment of noninfringement.